**Long Appeal**

*R. Thomas Strayer,* for appellant.

*Francis J. Leahey,* for Cambria County.

O'KICKI, J., December 18, 1974.—The issue in this case is whether or not an interim assessment may be made upon a residential home in view of the provisions of the Act of July 29, 1970, P. L. 643, 72 PS §5453.203. If such an assessment is not legal and proper under Pennsylvania law, it is the position of the Commissioners of Cambria County that this law is unconstitutional.

The appellant, Edwin A. Long, is a home builder. He has conducted this business in Cambria County for a period in excess of ten years. For the year 1974, he received interim tax assessments on properties that he was constructing or had constructed and sold within the year 1974. These properties are identified on the Tax Assessment Maps of Cambria County as 08-57-414, 08-57-201, 08-58-111 and 08-57-202.

Three of these properties are single residences which were built by Long on a speculation basis and then sold at or after completion. One property identified as 08-58-111 is only a foundation, which is assessed as a commercial building. In each of these four cases, an interim assessment was made. This appeal followed.

It is the position of the appellant that the county commissioners, acting through their county assessment board, are precluded and prohibited from such interim assessments because of the act of the Pennsylvania Legislature which gives an exemption in such cases. It is the county's position that the matter is governed by the case of Madway v. Board for the Assessment and Revision of Taxes, 427 Pa. 138, 233 A. 2d 273 (1967). That case was decided by the Pennsylvania Supreme Court in 1967 and invalidated the prior interim assessment law as had been legislated by the Act of June 23, 1931, P. L. 932, as amended June 28, 1951, P. L. 662, 53 PS §35101, et seq. Since 1967, the Commonwealth has held a constitutional convention which considered article VIII dealing with taxation and finance. The duly elected delegates considered the effects of the Madway decision, supra, and, in recognition of such a problem, amended the Constitution to read as follows:

"Amended Article VIII, Sec, 2.

"(b) The General Assembly may, by law:

" . . .

"(iv) Make special tax provisions on any increase in value of real estate resulting from residential construction. Such special tax provisions shall be applicable for a period not to exceed two years."

Thereafter, a series of bills were enacted by the General Assembly of Pennsylvania. These include, but are not limited to, Act 215 of 1970, amending the Third Class City Code; Act 216, amending General County Assessment Law; Act 217, amending the County Code; Act 218, amending the Assessment Law; Act 188, amending The Borough Code; Act 189, amending The First Class Township Code; Act 190, amending The Second Class Township Code, and Act 191, amending the Public School Code of 1949.

In each of these Acts of General Assembly, the stated purpose and policy of this Commonwealth is to exclude and exempt any single or multiple dwellings conducted for residence purposes. It applies as well to improvements to existing unoccupied dwellings or improvements thereto; such property shall not be valued or assessed for the purpose of real property taxes until occupied, conveyed to a bona fide purchaser, etc. In that Madway case, supra, it was the opinion of the court that the uniformity clause of the State Constitution as it existed prior to the year 1968 had been violated because such clause forbade the taxing of one man's land at a lower rate than another's simply because of the type of building erected or the type of business conducted thereon. In the case now before this court, we have the constitutional mandate and the enabling legislation which clearly classifies the new construction of a home as a separate class which is exempt from taxation. It is thus the public policy of this Commonwealth by way of its Constitution and legislation that home building for

residential purposes is to be encouraged and to be free of taxation until certain specified conditions enumerated under the law have been met. This exemption is for a limited period of time and is designed to encourage the improvement of deteriorating property or areas, as well as to encourage the industrial development of land areas by individuals, associations or corporations. Such special tax provision is applicable only for a limited period of time. Thereafter, such property is taxable in the same vein and on the same basis as all other property in the county. Once property is sold it then becomes taxable in the name of the purchaser and such taxes are assessed against and paid by the purchaser.

Therefore, it is our conclusion, after examination of the Constitution of 1968, as well as the various Acts of Assembly passed in 1970 that each of the above interim assessments made against Edwin A. Long are contrary to the law and contrary to the stated public policy of the Commonwealth of Pennsylvania.

Accordingly, we enter the following order

## ORDER

Now, December 18, 1974, after consideration of the Constitution of 1968, as well as the enabling legislation passed thereafter, the assessments known as 08-57-414, 08-57-201, 08-58-111 and 08-57-202, in the name of Edwin A. Long are stricken as being contrary to the Constitution of Pennsylvania, as well as the acts of assembly passed thereunder.

The Commissioners of Cambria County, acting through its assessors, assessment board and other employes, are directed and ordered to apply the provisions of the Act of July 29, 1970, P. L. 643, 72 PS §5453.203.